IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK BRAULT AND | : | CIVIL NO. 3:23-cv-00696-OAW |
| CAROL BRAULT, | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| CONNECTICUT DEPARTMENT OF | : | |
| ENERGY AND ENVIRONMENTAL | : | |
| PROTECTION | : | |
| *Defendant*. | : | July 13, 2023 |

### REPLY MEMORANDUM IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS

In opposing the motion to dismiss filed by the Defendant, the State of Connecticut's Department of Energy and Environmental Protection (the "Department"), plaintiffs in this action, Mark and Carol Brault argue only two points. First, they argue that *Ex parte Young,* 209 U.S. 103 (1908) and its progeny somehow circumvent Eleventh Amendment sovereign immunity despite binding jurisprudence indicating otherwise. Second, although *conceding* that the American Black Bear — Bear 119 — that they alleged engaged in a search of their property on behalf of the State did not in fact enter their home or curtilage, the plaintiffs assert that it could be inferred that the bear *had the ability to* advance inside the curtilage at some point, as "bears in that part of Connecticut . . . often enough do actually enter homes in search of food." *Brief in Opposition,* p. 5 (ECF No. 14). Neither of these arguments are remotely tied to applicable jurisprudence, and thus for the same reasons previously articulated, this action should be dismissed with prejudice.

1

**ARGUMENT**

I. **The Eleventh Amendment Bars Plaintiffs' Claims Against a *State Agency* in their Entirety**

In their opposition, the plaintiffs invoke the foundational case of *Ex parte Young,* 209 U.S. 103 (1908) and attach a page-long string cite of case citations from across the country to support the proposition that the Eleventh Amendment's sovereign immunity does not apply to claims of prospective injunctive relief. The problem with this argument is that the exception in *Ex parte Young* applies to prospective relief against *state officers,* not *state agencies.*

As the Supreme Court has repeatedly held, the *Ex parte Young* exception does not apply "when 'the state is the real, substantial party in interest . . . .'" *Virginia Office for Protection & Advocacy v. Stewart,* 563 U.S. 247, 255 (2011) (*quoting Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101 (1984) ("*Pennhurst*")). As *Pennhurst* expressly noted, "[i]t is clear, of course, that in the absence of consent a suit in which the State *or one of its agencies or departments is named* as the defendant is proscribed by the Eleventh Amendment. . . . This jurisdictional bar applies *regardless of the nature of the relief sought.*" *Pennhurst,* 465 U.S. at 100 (Emphasis added, citations omitted). The Supreme Court has reiterated such multiple times. *See, e.g., Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.* (1993) (*Ex parte Young* "has no application in suits against the States and their agencies, which are barred regardless of the relief sought"); *Cory v. White,* 457 U.S. 85, 90-91 (1982) (noting same distinction); *Missouri v. Fiske,* 290 U.S. 18, 27 (1933) (holding same).

This distinction is not only well-settled by our Supreme Court, but also has been long recognized in this Circuit. *See, e.g., 74 Pinehurst LLC v. New York,* 59 F.4th 557, 570 (2d Cir. 2023) (Eleventh Amendment bars claims against state agencies regardless of nature of relief sought); *Jackson v. Connecticut Dept. of Public Health,* 795 Fed. Appx. 64 (2d Cir.) (2020) (same); *Santiago v. N.Y. State Dept. of Correctional Services,* 945 F.2d 25, 32 (2d Cir. 1991) (same). It has also been well-settled in this District. *See, e.g., Mallison v. Connecticut Office of Early* Childhood, 2023 U.S. Dist. LEXIS 28136, at *20 (D. Conn. 2023) (Nagala, J.) (*Ex parte Young* does not apply to state agencies); *Monger v. Connecticut Dept. of Transportation,* 2017 U.S. Dist. LEXIS 146107 at *13-14 (D. Conn 2017) (Hall, J.) (same); *P.C. v. Connecticut Dept. of Children & Families,* 662 F. Supp. 2d 218, 226 (2009) (Hall, J.) (same).

Simply put, the plaintiffs' argument that the Eleventh Amendment does not apply to the Department, as the sole defendant and a state agency, is contradicted by decades of precedent at the United States Supreme Court, this Circuit, and this District. As this Court held, "It is *clearly established* that the Eleventh Amendment bars section 1983 claims against state agencies." *P.C.,* 662 F. Supp. 2d at 226. Nothing asserted by the plaintiffs suggests otherwise, and therefore the plaintiffs' action should be dismissed.

## II. The Plaintiffs' Complaint Fails to State a Claim Against the Defendant Upon Which Relief Can Be Granted

The plaintiffs arguments as to why this action should avoid dismissal under Rule 12 (b) (6) are equally unconvincing. While conceding that the alleged activity did not allege an intrusion within the curtilage of their property, the plaintiffs argue that

3

the *possibility* that such activity could have occurred is sufficient to meet the plausible pleading standards. Such conclusory language is simply insufficient under binding jurisprudence and therefore the underlying action should be dismissed.

Initially, it is important to note what the plaintiffs do not contest: the plaintiffs do not challenge the Department's assertion that state agencies "are not persons within the meaning of section 1983." *Mayo v. Doe*, 480 F. Sup. 3d 395, 402 (D. Conn. 2020) (Bolden, J.) (*citing Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989)). The Court therefore can, and should, dismiss this action on that ground alone. *See, e.g., Paschal-Barros v. Quiros*, 2022 U.S. Dist. LEXIS 6641 at *9-10 (D. Conn., 2022) (Merriam, J.) (dismissing action due to non-personhood of state agency); *Payton v. Connecticut Dept. Of Corrections*, 2017 U.S. Dist. LEXIS 94774 at *3 (D. Conn., 2017) (Underhill, J.) (same).

Instead of addressing this fatal flaw, the plaitniffs attempt to square against the well-established "open fields" doctrine of the Fourth Amendment, arguing that their Complaint's language, while not expressly alleging any violation of their curtilage or home, could be read as to imply that Bear 119 might have entered the curtilage. In essence, the plaintiffs argue that they used vague enough langauge to encompass a Fourth Amendment violation.

There are two problems with the plaintiffs' arugment. While the Department agrees that this Court must consider factual allegations as true and draw inferences in favor of the plaintiffs; *see Olson v. Major League baseball,* 29 F.4th 59, 71 (2d Cir. 2022); the plaintiffs still must ensure their complaint contains "sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 299 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This admittedly low standard still requires the plaintiffs to "nudg[e] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Here, the plaintiffs first point to the phrase "within 200 yards" in their Complaint and argue that contained within that language is the *possibility* that Bear 119 entered their curtilage. *Brief in Opp.,* p. 5. The problem, however, is that in the absence of any factual allegation as to the bear *actually entering* the curtilage, the Court is left to speculate as to how close to the plaintiffs' home it may have rambled. Based on the plaintiffs' interpretation of their allegations, it is conceivable that Bear 119 may have entered the plaintiffs' curtilage. It is equally conceivable that it remained as far away, for example, as the height of the Washington Monument, which also is less than two hundred yards.[1] Imposing this degree of speculation on the Court is impermissible to satisfy the requirements of *Iqbal* and *Twombly. See, e.g., Prasad v. City of New York*, 370 Fed. Appx. 163, 165 (2d. Cir 2010) (dismissing allegations as "unsupported, speculative, and conclusory.") (*quoting Boddie v. Schneider,* 105 F.3d 857, 862 (2d Cir. 1997); *Kidder v. Hanes*, 2023 U.S. Dist. LEXIS 67741 at *19 (W.D.N.Y. 2023) (Skretny, J.) (noting that plaintiff did not plead facts

---

[1] According to the National Park Service, the Washington Monument is five hundred and fifty-five feet, five and one-eight inches tall. "History & Culture [of the Washington Monument], *National Park Service*, www.nps.gov/wamo/learn/historyculture/index.htm. When determining a motion to dismiss pursuant to Rule 12 (b) (6), courts may consider "matters of which judicial notice may be taken." *Roth v. CitiMortgage Inc.,* 756 F.3d 178, 180 (2d Cir. 2014), *quoting Brass v. American Film Technologies, Inc., 987* F.2d 142, 150 (2d Cir. 1993).

rising above speculative level); *Young Sook Cho v. Eun Sook Chu*, 2022 U.S. Dist. LEXIS 173492 at *7 (S.D.N.Y. 2022) (Gardephe, J.) (same).

Seemingly aware of this flaw in their pleadings, the plaintiffs allege in the alternative that the Department could have "reasonably anticipate[d] that the bear would advance to within the curtilage." *Brief in Opp.*, p. 5. They base this supposed awareness on the "common knowledge that bears in that part of Connecticut where the plaintiffs reside often enough do actually enter homes in search of food." *Brief in Opp.*, p. 5. This argument, however, is no less speculative; assuming that the Department held this unpled common knowledge, the plaintiffs still do not argue that such an entry *actually occurred in this case*.

To analogize the plaintiffs' argument: in the plaintiffs view, a law enforcement officer, equipped with a body camera, driving *past* the plaintiffs house, has violated their Fourth Amendment rights, because it anticipatable that the officer might search their house on the common knowledge that law enforcement officers often engage in searches of houses.[2] Such analogy falls apart because one must actually "violate a subjective expectation of privacy that society recognizes as reasonable" to conduct a search under the Fourth Amendment. *Kyllo v. United States*, 533 U.S. 27, 33 (2001) (*citing Katz v. United States,* 389 U.S. 347, 361 (1967) (Harlan, J., concurring)).

The problem with the entirety of the plaintiffs' arguments as to why the open fields doctrine does not apply stems from their failure to plead that Bear 119 *actually*

---

[2] This again presupposes the equivalency of a wild American Black Bear with an agent of the State, which is an equivalency that is not conceded, nor required to be untangled for dismissal of this action.

6

invaded their curtilage or home. If the bear had done so, the plaintiffs could have very easily pled such; they did not. This leaves the Court with having to guess where Bear 119 actually travelled, having only a 200-yard distance as any measurable standard, and an insufficient conclusory statement by the plaintiffs that the bear violated their rights. *Iqbal,* 556 U.S. at 678.

"Quite simply, an open field, unlike the curtilage of a home . . . is not one of those protected areas enumerated in the Fourth Amendment. . . . The Government's physical intrusion on such an area . . . is of no Fourth Amendment significance." *United States v. Jones,* 565 U.S. 400, 411 (2012) (citations omitted). The plaintiffs were required to plead "enough to raise a right to relief above the speculative level" that there was an intrusion past their open fields by Bear 119 into their curtilage or home. They did not do so, and therefore the Court should also dismiss this action on the basis of it only implicating the plaintiffs" open fields and not intruding upon their Fourth Amendment protected areas.

## CONCLUSION

Without going further, the Court can conclude that the plaintiffs' action, based in alleging a constitutional search by a bear, fails based upon the established and notable holdings from the Supreme Court as well as this Circuit. The plaintiffs have no answer to the State's Eleventh Amendment immunity or lack of personhood. When it is acting in the exercise of its wildlife protection powers, the State should not, either due to lack of jurisdiction or the plaintiffs' failure to state a claim, be subject to suit in this case.

For the reasons set forth above, the Defendant, the State of Connecticut's Department of Energy and Environmental Protection, respectfully request that this Court dismiss this action with prejudice.

Respectfully submitted,

THE DEFENDANT
STATE OF CONNECTICUT
DEPARTMENT OF ENERGY AND
ENVIRONMENTAL PROTECTION

WILLIAM TONG
ATTORNEY GENERAL

BY: */s/ Daniel M. Salton*
Daniel M. Salton
Federal Bar No. ct30670
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Tel: (860) 808-5250
Fax: (860) 808-5386
daniel.salton@ct.gov
*Attorney for The Defendant*

**Certificate of Service**

I hereby certify that on July 13, 2023, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


*/s/ Daniel M. Salton*
Daniel M. Salton
Assistant Attorney General