**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MARK BRAULT ET AL,                    :
    *Plaintiffs*,                          :
                                                                  :
    v.                                      :        Civil No. 3:23-cv-696-OAW
                                                                  :
CONNECTICUT DEPARTMENT                 :
OF ENERGY AND ENVIRONMENTAL            :
PROTECTION,                            :
    *Defendant.*                          :

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Plaintiffs, Mark Brault and Carol Brault, accuse Defendant, Connecticut's Department of Energy and Environmental Protection (hereinafter, "DEEP"), of surveilling their property without a warrant to do so, thereby depriving them of their rights under the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983 (hereinafter, "Section 1983"). ECF No. 1, ¶¶ 1–3, 10. Specifically, their Complaint alleges that DEEP equipped a bear with a camera and allowed such bear to roam Plaintiffs' property while unwittingly recording and transmitting footage to DEEP. *Id.*, ¶¶ 6–9.

Defendants move the court to dismiss the Complaint in its entirety, pursuant to Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 10, at 1. The court carefully has reviewed the Motion to Dismiss, the parties' memoranda of law, and the broader record in this action. *See, e.g.*, ECF Nos. 1, 10, 10-1, 14, 15. For the following reasons, the court **GRANTS** the Motion.

I.       **BACKGROUND**

The following allegations are taken from the Complaint and certain "public records that are integral to the underlying facts." *Errato v. Bendett & McHugh, PC,* No. 3:23-CV-1674 (OAW), 2025 WL 1475508, at *1 (D. Conn. May 21, 2025) (providing that courts may "'take judicial notice'" of such records when considering motions to dismiss) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

## A.  Defendant

DEEP is an agency of the State of Connecticut.  ECF Nos. 1, ¶ 3; 10, at 1.  Among other things, it "regularly captures bears and places collars on them for the purpose of tracking the bears and studying their habits."  *Hartland v. Brault*, No. LLI-CV21-6026840-S, Docket No. 140, at 17 (Conn. Super. Aug. 23, 2023); *see also* ECF No. 10-1, at 2.

## B.  Plaintiffs

Plaintiffs are residents of Hartland, Connecticut, where they own and reside upon a 114-acre parcel of thickly-forested land (hereinafter, the "Property").  ECF No. 1, ¶¶ 4–5.  Until recently, they also operated a business on the Property, whereby they "offered customers wildlife and nature tours, indulging the opportunity to view and photograph bears."  *Hartland v. Brault*, No. LLI-CV21-6026840-S, Docket No. 140, at 2–3 (Conn. Super. Aug. 23, 2023).

In October 2020, Mr. Brault "was recorded on a [DEEP] video feeding two bear cubs" on the Property.  *Id*. at 3–4.  Hartland subsequently sought an injunction against him in state court, *see id*. at 1, and, in August 2023, such court (*The Hon. John D. Moore*) "permanently enjoin[ed]" him from "intentionally feeding bears," *see id*. at 19–20 (citing,

2

as evidence of Mr. Brault's intentional bear-feeding, "the frequent examples of [his] proximity to bears" on the Property and "the contrast in the concentration of bear activity reflected in the 'bear-ping' maps" provided by DEEP).[1]

### C. The Instant Action

Plaintiffs accuse DEEP of having affixed a collar containing a hidden camera to a particular bear, Bear Number 119, for the purpose of surveilling Plaintiffs. ECF No. 1, ¶¶ 7–8. The Complaint alleges that, on May 20, 2023, Bear Number 119 wandered onto the Property and "approached to within 200 yards" of Plaintiffs' home while "taking and transmitting pictures of video" to DEEP. *Id*., ¶ 8; *see also id*. at 7–9 (providing, as evidence of such allegations, photographs of Bear Number 119 wearing a collar).[2] Because DEEP did not have a warrant to surveille the Property, Plaintiffs claim that DEEP deprived them of their Fourth and Fourteenth Amendment rights in violation of Section 1983—and they ask the court to issue an injunction "requiring [DEEP] immediately to remove and disable the cameras from all tagged bears within ten miles" of the Property, "destroy" all evidence gathered by Bear Number 119, and "cease and desist" all warrantless surveillance of the Property. *Id*., ¶¶ 9–10.

In response, Defendant asks the court to dismiss the Complaint in its entirety, pursuant to Rule 12(b)(1) or Rule 12(b)(6). ECF No. 10, at 1.

---

[1] It is worth noting that Judge Moore also concluded that Mr. Brault's "knowledge of and obvious love for the natural world is commendable, and even, daresay the court, inspirational." *Hartland v. Brault*, No. LLI-CV21-6026840-S, Docket No. 140, at 18 (Conn. Super. Aug. 23, 2023). Additionally, Judge Moore found "no persuasive evidence implicating Carol Brault . . . in intentional bear feeding." *Id*. a 19.

[2] While not part of the record, and while it does not impact the court's ruling in this case, there is publicly-available indicia that DEEP indeed has affixed video cameras on certain bears. *See, e.g.,* https://www.youtube.com/shorts/O2NC53PuCnQ (last visited July 15, 2026).

## II.    <u>LEGAL STANDARD</u>

To survive dismissal under Rule 12(b)(1), a plaintiff must establish "by a preponderance of the evidence that subject matter jurisdiction exists."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The court must "'take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction.'"  *Schaap v. United States*, No. 3:23-CV-895 (OAW), 2025 WL 2379262, at *2 (D. Conn. Aug. 15, 2025) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).  Nevertheless, if the court deems that it "lacks the statutory or constitutional power to adjudicate" a claim, it must dismiss it. *Makarova*, 201 F.3d at 113.

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 570. The court must draw all reasonable inferences in the plaintiff's favor.  *Roth v. Jennings*, 489 F.3d 499, 503 (2d Cir. 2007).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice."[3]  *Iqbal*, 556 U.S. at 678.

---

[3] Notwithstanding such distinctions, the United States Court of Appeals for the Second Circuit "has stated that the standards for dismissal under Rules 12(b)(1) and 12(b)(6) . . . are substantially identical." *Mercer v. Schriro*, 337 F. Supp. 3d 109, 121 (D. Conn. 2018) (internal citations and quotations marks omitted).

III.   **DISCUSSION**

A. **Section 1983**

For the court to adjudicate a Section 1983 claim, "'the conduct complained of must have been committed by a person acting under color of state law.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).   The Supreme Court of the United States held, in *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), that "State agencies . . . are not persons within the meaning of [S]ection 1983." *Mayo v. Doe*, No. 3:19-CV-781 (VAB), 2020 WL 4818360, at *4–*5 (D. Conn. Aug. 17, 2020) (dismissing a Section 1983 claim against "Statewide Narcotics Task Force Southeastern and Troop D – Montville State Police" because they are "state agencies or subdivisions thereof") (citing 491 U.S. at 71); *see also Gonzalez-Torres v. Newson*, No. 3:17-CV-00455 (SRU), 2017 WL 2369369, at *2 (D. Conn. May 31, 2017) (dismissing a Section 1983 claim against "the Connecticut Department of Transportation, the Connecticut Department of Public Safety and State Police Troop E" because "neither a state agency nor its subdivision is a person within the meaning of [S]ection 1983") (citing 491 U.S. at 71).

DEEP is a state agency.  ECF Nos. 1, ¶ 3; 10-1, at 2.  Accordingly, it is not a person within the meaning of Section 1983, *see Mayo*, 2020 WL 4818360 at *4–*5; *Gonzalez-Torres*, 2017 WL 2369369, at *2, and the court "lacks the statutory . . . power to adjudicate" Plaintiffs' Section 1983 claim against it, *see Makarova*, 201 F.3d at 113.

B. **The Eleventh Amendment**

5

The Supreme Court also held, in *Cory v. White*, 457 U.S. 85 (1982), and many other cases, that the Eleventh Amendment to the United States Constitution "precludes a plaintiff from seeking any relief against states and state agencies—including monetary and injunctive relief." *Hamzik v. Off. for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 275 (N.D.N.Y. 2012) (citing 457 U.S. at 90–91); *see also Gollomp v. Spitzer*, 568 F.3d 355, 365–66 (2d Cir.2009) (acknowledging the same).   "Eleventh Amendment immunity can only b[e] lost if Congress unequivocally abrogates the state's immunity or the state expressly consents to suit." *Hamzik,* 859 F. Supp. 2d at 275.

Because DEEP is a state agency, *see* ECF Nos. 1, ¶ 3; 10-1, at 2, the court "lacks the . . . constitutional power to adjudicate" Plaintiff's claim against it under the Eleventh Amendment," *see Makarova*, 201 F.3d at 113, especially considering that Plaintiffs have made "no suggestion of congressional abrogation or state acquiescence" to Section 1983 claims in general, or this action in particular, *see Gollomp*, 568 F.3d at 366.[4]

## IV.   **CONCLUSION**

For all the foregoing reasons, it hereby is **ORDERED AND ADJUDGED** as follows:

1.  The Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(1); and

---

[4] Plaintiffs argue that the "Eleventh Amendment does not bar suits against states for prospective injunctive relief so long as that relief is truly prospective only and does not involve either directly or indirectly any retrospective payments from the state treasury."  ECF No. 14, at 1 (citing cases, including *Ex parte Young*, 209 U.S. 123 (1908)).  However, that is true *only* when such injunctive relief is sought against state *officials*.  *See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (acknowledging that *Ex parte Young* has "no application in suits against the States and their agencies, which are barred regardless of the relief sought"); *74 Pinehurst LLC v. New York*, 59 F.4th 557, 570 (2d Cir. 2023) (recognizing that the *Ex parte Young* exception to the Eleventh Amendment "exists for claims for prospective relief against state officials in their official capacities"); *Mallison v. Connecticut Off. of Early Childhood*, 657 F. Supp. 3d 221, 233 (D. Conn. 2023) (finding that *Ex parte Young* does not apply where a plaintiff "seeks [an] injunction directly against" a state agency "and not against any individual defendant").

2.  The action is **<u>DISMISSED</u>** without prejudice and without leave to amend, *see*

*Hernandez v. Conriv Realty Assocs*., 182 F.3d 121, 123 (2d Cir. 1999), and the

Clerk of Court respectfully is directed to please close this case.


**IT IS SO ORDERED** at Hartford, Connecticut, on this 30th day of July, 2026.


_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE
